IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

YINETTE ORTIZ ORTIZ, et al.,

    Plaintiffs,

    v.

RYDER MEMORIAL HOSPITAL, INC., et al.,

    Defendants.

CIVIL NO. 11-2016 (CVR)

**OPINION AND ORDER**

**INTRODUCTION**

Plaintiffs filed an Amended Complaint against defendants Ryder Memorial Hospital, Inc. (hereafter "Ryder Hospital), and co-defendants Dr. Miguel Rodríguez (hereafter "Dr. Rodríguez"), his wife Lydia E. Jiménez Peruchet (hereafter "Ms. Jiménez") and their conjugal partnership claiming they are liable for medical malpractice. (Docket No. 33).[1]

Defendant Ryder Hospital filed for summary judgment requesting dismissal with prejudice of the Amended Complaint as a matter of law for there is no causal connection between the conduct alleged as to defendants and the resulting injury. Ryder Hospital further alleged plaintiffs have not been able to discover any evidence to rebut the presumption of correctness as to the medical treatment provided by herein treating physicians and the hospital institution or that any deviation from medical standards of excellence was the proximate cause of plaintiffs' alleged damages. (Docket No. 70).

Plaintiffs have now consented in an Informative Motion (Docket No. 72) for the issuance of summary judgment as to Ryder Hospital, with no imposition of attorney's fees

---

[1] Plaintiffs already agreed to a voluntary dismissal as to co-defendant Agueda Herrera-Vélez with prejudice and partial judgment dismissing the Amended Complaint was entered. (Docket Nos. 68 and 71).

Yinette Ortiz-Ortiz, et al. v. Ryder Memorial Hospital, et al.
Civil No. 11-2016 (CVR)
Opinion and Order
Page No. 2

and costs. In addition, plaintiffs indicate in the Informative Motion that all of Dr. Rodríguez' actions in this case were performed as part of his contractual obligations with Ryder Hospital. As such, the same defense that Ryder Hospital has presented in this case is applicable to Dr. Rodríguez. Thus, plaintiffs move for the voluntary dismissal with prejudice of all claims against Dr. Rodríguez without the imposition of any attorney's fees or costs to any party.

## STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Pursuant to the language of the rule, the moving party bears the two-fold burden of showing that there is "no genuine issue as to any material facts," and that he is "entitled to judgment as a matter of law." Vega-Rodríguez v. Puerto Rico Tel. Co., 110 F.3d 174, 178 (1st Cir. 1997).

After the moving party has satisfied this burden, the onus shifts to the resisting party to show that there still exists "a trial worthy issue as to some material fact." Cortés-Irizarry v. Corporación Insular, 111 F.3d 184, 187 (1st Cir. 1997). A fact is deemed "material" if it potentially could affect the outcome of the suit. *Id*. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." *Id*.

Yinette Ortiz-Ortiz, et al. v. Ryder Memorial Hospital, et al.
Civil No. 11-2016 (CVR)
Opinion and Order
Page No. 3

At all times during the consideration of a motion for summary judgment, the Court must examine the entire record "in the light most flattering to the non-movant and indulge all reasonable inferences in the party's favor." Maldonado-Denis v. Castillo-Rodríguez, 23 F.3d 576, 581 (1st Cir. 1994). There is "no room for credibility determinations, no room for the measured weighing of conflicting evidence such as the trial process entails, [and] no room for the judge to superimpose his own ideas of probability and likelihood . . . ." Greenburg v. Puerto Rico Mar. Shipping Auth., 835 F.2d 932, 936 (1st Cir. 1987). In fact, "[o]nly if the record, viewed in [this] manner and without regard to credibility determinations, reveals no genuine issue as to any material fact may the court enter summary judgment." Cadle Co. v. Hayes, 116 F.3d 957, 960 (1st Cir. 1997).

**FINDINGS OF FACT**

As above mentioned, plaintiffs have consented in an Informative Motion (Docket No. 72) for the issuance of summary judgment as to Ryder Hospital, with no imposition of attorney's fees and costs. Thus, all facts contained in defendant Ryder Hospital's motion for summary judgment as "Uncontested and Admitted Facts" are deemed admitted and are incorporated herein by reference as the findings of fact in support of summary judgment. (Docket No. 70, p. 3, ¶¶ 1-3).

**LEGAL DISCUSSION**

Under the factual uncontested scenario depicted above in this diversity suit, liability of a healthcare provider in a medical malpractice suit under Article 1802 of the Puerto Rico Civil Code, 31 L.P.R.A. section 5141, cannot be established as to defendants Ryder Hospital

and Dr. Rodríguez.[2] Plaintiffs lack evidence, including expert witnesses, that may establish a causal connection between the conduct claimed as to the remaining defendants and the resulting injury. Oliveros v. Abreu, 101 D.P.R. 209 (1973).

Furthermore, treating physicians are afforded a presumption of correctness in the medical treatment provided and it is plaintiffs' burden to rebut said presumption with competent medical testimony. Pérez Cruz v. Hospital La Concepción, 115 D.P.R. 721 (1984).[3]

In sum, plaintiffs admit they do not possess such evidence against the remaining defendants for which they acquiesce for summary judgment to be entered in favor of defendant Ryder Hospital and a voluntary dismissal with prejudice be granted as to all claims filed against Dr. Rodríguez, his spouse Ms. Jiménez and their conjugal partnership, without the imposition of attorney's fees and costs, as agreed between the parties. (Docket No. 72).

## CONCLUSION

In view of the foregoing, the summary judgment request in favor of Ryder Hospital and the voluntary dismissal with prejudice as to all claims filed against Dr. Rodríguez, his spouse Ms. Jiménez and their conjugal partnership are both GRANTED. Accordingly, all

---

[2] The applicable law to define the standard of fault and recovery in the instant action is the law of the forum where the negligence occurs, in this case the law of Puerto Rico. *See* Richards v. United States, 369 U.S. 1, 15, 82 S.Ct. 585 (1962); Shuman v. United States, 765 F.2d 283, 288 (1st Cir.1985); In Re N-500L Cases, 691 F.2d 15, 27 (1st Cir. 1982); Zabala Clemente v. United States, 567 F.2d 1140, 1143 (1st Cir. 1977). The statute that governs the liability of a physician in a medical malpractice suit is Article 1802 of the Puerto Rico Civil Code. See 31 L.P.R.A. § 5141; Vda. De López v. ELA, 104 PR Dec. 178, 183 (1975).

[3] Under the laws of Puerto Rico there exists the rebuttable presumption that the attending physician has observed reasonable degree of care while providing medical treatment. Saez v. Municipio De Ponce, 84 PRR 515, 1962 WL 14885 (1962); Ramos Orengo v. La Capital, 88 PRR 306, 1963 WL 14897 (1963); Del Valle Rivera v. U.S., 630 F.Supp. 750, 756 (D.P.R.1986).

Yinette Ortiz-Ortiz, et al. v. Ryder Memorial Hospital, et al.
Civil No. 11-2016 (CVR)
Opinion and Order
Page No. 5

pending claims against Ryder Hospital, Dr. Rodríguez, his spouse Ms. Jiménez and their conjugal partnership are DISMISSED WITH PREJUDICE, without the imposition of attorney's fees or costs.

Judgment to be entered accordingly.

In San Juan, Puerto Rico, this 22nd day of May of 2013.

IT IS SO ORDERED.

                                                          s/CAMILLE L. VELEZ-RIVE
                                                          CAMILLE L. VELEZ-RIVE
                                                          UNITED STATES MAGISTRATE JUDGE